UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,
Plaintiff,

v.

G6 HOSPITALITY, LLC et al,
Defendants.

CASE NO. 2:26-cv-01705-TL

ORDER ON MOTION TO PROCEED UNDER PSEUDONYM

This matter is before the Court on Plaintiff Jane Doe's Motion to Proceed Under Pseudonym. Dkt. No. 13. Defendants include: G6 Hospitality, LLC; G6 Hospitality Property, LLC; G6 Hospitality Purchasing, LLC; G6 Hospitality Franchising, LLC; Motel 6 Operating, LP (collectively, "G6 Defendants"); SeaTac Hotels, LLC ("SeaTac Hotels"); and Jarnail Singh. *See* Dkt. No. 43 (Amended Complaint) at 1. Only the G6 Defendants have responded to the instant motion. Defendant Singh has not appeared in this matter. Having reviewed Plaintiff's motion, the G6 Defendants' response (Dkt. No. 37), Plaintiff's reply (Dkt. No. 38), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

## I. Background

Plaintiff is a survivor of sex trafficking. Dkt. No. 43 ¶ 16. From March 2014 through December 2014, all while Plaintiff was a minor, Plaintiff was harbored, abused, and forced to engage in commercial sex acts by her trafficker. *Id*. The G6 Defendants and Defendant SeaTac Hotels are companies that owned and operated the hotels where Plaintiff was allegedly trafficked. *Id*. ¶ 17, 73. Defendant Singh is an individual who "directly operated" and "controlled" a Motel 6 location where Plaintiff was allegedly trafficked. *Id*. ¶ 18.

During the nine-month period where Plaintiff was trafficked, she was raped, threatened, and physically beaten by her trafficker and his associates. Dkt. No. 13 at 2. Many times, Plaintiff was first threatened, with her trafficker and his associates later making good on those threats. *Id*. at 8. The threats were not just violent, but also threats to humiliate Plaintiff, such as a threat to leak nude photographs and videos of her to her family, friends, and the public if she did not comply with the demands of her trafficker and his associates. *Id*. In addition to violence, Plaintiff's trafficker and his associates controlled Plaintiff's every move. *Id*. With this backdrop, Plaintiff brings the instant motion, seeking to proceed under a pseudonym during both the pre-trial and trial phases. The matter is fully briefed and ripe for the Court's review.

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) instructs that the title of a complaint "must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010). A party's use of fictitious names "runs afoul of the public's common law right of access to judicial proceedings." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

However, the Ninth Circuit allows parties to use pseudonyms under special circumstances, where nondisclosure of the party's identity is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Where the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity, a party may preserve his or her anonymity in judicial proceedings. *Id.* at 1068. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct[.]" *Id.* (citation modified).

To determine the need for anonymity, courts must balance five factors: "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Schs*, 596 F.3d at 1042 (quoting *Advanced Textile*, 214 F.3d at 1068). These are often referred to as "the *Advanced Textile* factors." *See id.* at 1042, 1043.

## III. Discussion

The Court recently ruled on a very similar motion to proceed under pseudonym, brought by a different plaintiff, but with the same plaintiff's counsel, similar underlying allegations, and many of the same defendants. *See Doe v. G6 Hospitality, LLC*, No. C2:26-cv-00836-TL, Dkt. No. 117 (W.D. Wash. Oct. 16, 2026). The legal authority provided by the Parties in the instant matter is identical to the authority provided in the briefing for case number 2:26-cv-00836-TL. *Compare* Dkt. Nos. 13, 37, 38 *with G6 Hospitality, LLC*, No. C2:26-cv-00836-TL, Dkt. Nos. 86

(Motion to Proceed Under Pseudonym), 93 (G6 Defendants' response), 99 (plaintiff's reply). The only difference is the facts that underly each individual plaintiff's motion. As such, the Court will apply the factual background provided in the instant matter, *see supra* section I, and incorporate by reference the analysis conducted in *Doe v. G6 Hospitality, LLC*, No. C2:26-cv-00836-TL, both as to the request for Plaintiff to proceed under a pseudonym pre-trial and during trial.

Accordingly, the Court makes two findings: (1) Plaintiff has satisfied all of the *Advanced Textile* factors, and revealing Plaintiff's identity during the pre-trial phase would create a risk of retaliatory physical harm, and is necessary to preserve privacy in a sensitive and highly personal matter; and (2) the paucity of the briefing on the issue of proceeding under a pseudonym at trial makes the issue insufficiently developed to allow for a complete a thorough review.

Therefore, Plaintiff's motion to proceed under a pseudonym during the pre-trial phase is granted, and the motion is denied without prejudice as to Plaintiff's request to proceed under a pseudonym at trial.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed Under Pseudonym (Dkt. No. 13) is GRANTED IN PART and DENIED IN PART. Plaintiff SHALL be allowed to proceed under a pseudonym during the pre-trial phase of this case.

Dated this 16th day of October, 2026.

Tana Lin
United States District Judge